NO. 07-11-00374-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2011

IN RE KRISS CAMP, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Kriss Camp, a prisoner in the Potter County jail appearing *pro se*, has filed a motion with this court requesting that we order the Potter County Sheriff's Department to allow him access to a computer, and asserting the district judge who signed his divorce decree has a conflict of interest because he previously presided over a hearing in the divorce case. Based on the relief requested, we will construe the motion as a petition for a writ of mandamus. Tex. R. App. P. 52. For the following reasons, we will deny the requested relief.

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The writ may be used to compel the performance of a ministerial act or duty. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). In such a case, a grant of mandamus relief requires a showing of "a legal duty to perform a nondiscretionary act; a demand for performance and a refusal."

*Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding). An extraordinary writ, such as mandamus, issues "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding). Relief by mandamus ordinarily is appropriate only when the trial court has clearly abused its discretion, and there is no adequate remedy on appeal. *In re Olshan Found. Repair,* 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker,* 827 S.W.2d at 839-40.

An appeal from relator's divorce proceeding is now pending before this court. *Camp v. Camp,* No. 07-11-0282-CV (Tex.App.--Amarillo). We construe relator's motion to ask that we direct the sheriff's department to permit him use of a computer for preparation of documents and other purposes related to his pending civil appeal. But relator's motion does not demonstrate that the sheriff's department has a duty to permit him use of a computer. Nor does it show that he has requested such use or that the department has refused his request. In fact, relator's motion is not accompanied by any supporting documentation. *See* Tex. R. App. P. 52. Assuming, without deciding, that the sheriff's department has infringed on some right of relator, the record he presents would not support our grant of relief.

Relator's assertion the district judge who signed his divorce degree is burdened with a conflict of interest because he also presided over the pre-trial hearing of a motion for protective order in the case also fails as a ground for mandamus relief. We do not comment on the merits of relator's assertion, but note simply that relator has not

demonstrated why he would be unable to present the complaint in his pending appeal of the divorce judgment. His motion thus does not show the lack of an adequate remedy at law. *In re Prudential,* 148 S.W.3d at 135; *Walker,* 827 S.W.2d at 839-40.

For these reasons, we find relator has not shown himself entitled to the relief he seeks, and deny his petition for writ of mandamus.[1]

Per Curiam

---

[1] Relator also asks for access to the appellate record in his pending appeal. We will address that request by separate action, in that appeal.